# EXHIBIT A
# State Court Record

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev, 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | Case #: **20-CI-00009**<br>Court: **CIRCUIT**<br>County: **TRIMBLE** |

*Plantiff,* LONG, GREGORY VS. LIFE INSURANCE COMPANY OF NORTH AMERICA, *Defendant*

TO:  MICHAEL JAMES
   TWO LIBERTY PLACE
   PHILADELPHIA, PA 19192

Memo: Related party is LIFE INSURANCE COMPANY OF NORTH AMERICA

The Commonwealth of Kentucky to Defendant:
**LIFE INSURANCE COMPANY OF NORTH AMERICA**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Stacy Bruner, Trimble
Circuit Clerk
Date: **1/29/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 ____

Served By _____

Title _____

Summons ID: 219853715619176@00000894661
CIRCUIT: 20-CI-00009 Certified Mail
LONG, GREGORY VS. LIFE INSURANCE COMPANY OF NORTH AMERICA

eFiled

Page 1 of 1

COMMONWEALTH OF KENTUCKY
TRIMBLE COUNTY CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. 20-CI-00009
*Electronically Filed*

GREGORY LONG                                    PLAINTIFF

           3902 Carriage Pointe Dr.
           Crestwood, KY 40014

VS.                     **VERIFIED COMPLAINT**

LIFE INSURANCE COMPANY OF NORTH AMERICA         DEFENDANT

        **SERVE:**    Kentucky Secretary of State
                          700 Capital Avenue, Suite 86
                          Frankfort, KY 40601

        **SERVE:**    Mr. Michael James
                          Process Agent
                          Two Liberty Place
                          Philadelphia, PA 19192-2211

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

1. The Plaintiff, Gregory Long, brings this action against the Defendant, Life Insurance Company of North America (hereinafter "LICNA"), for breach of an insurance contract. Mr. Long was a participant in a group disability insurance plan underwritten and administered by LICNA. This Complaint challenges LICNA's denial of Mr. Long's requests for Long Term Disability ("LTD") benefits despite medical evidence demonstrating his qualification for said benefits. Mr. Long is filing this action to recover benefits due under the LTD insurance policy, to declare his rights under the terms of the policies, and to recover costs and attorney's fees.

1

## PARTIES

2. The Plaintiff, Gregory Long, is a resident of Crestwood, Oldham County, Kentucky. Mr. Long, at all times pertinent, was a participant in a group disability insurance plan that was issued to his employer, Air Methods Corporation.

3. The Defendant, LICNA, is a Pennsylvania corporation with its principal office at Two Liberty Place, Philadelphia, PA 19192-2211. LICNA's registered agent is Michael James, Two Liberty Place, Philadelphia, PA 19192-2211. LICNA is a for-profit corporation and does business in the Commonwealth of Kentucky, deriving revenue from its business it conducts in Kentucky.

## JURISDICTION

4. Jurisdiction is proper in this Court because the damages sought are in excess of the minimum jurisdictional amount of the Court.

## VENUE

5. Venue is proper in this Court because Trimble County is where the transaction took place.

## BACKGROUND

6. Mr. Long, age 58, began working for Air Methods Corporation (hereinafter "Air Methods") at its base in Ashland, Kentucky. Through this employment, he participated in a group disability insurance plan underwritten and administered by LICNA (Group Policy No. LK0963353).

7. The plans' covered class includes Mr. Long.

8. As a full-time employee, Mr. Long became insured under the plan.

9. The policy provided for LTD benefits to cover the employees who meet all contractual provisions, including the definition of disability.

10. The terms of the group policy defining disability are:

    *"The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*
    1. *unable to perform the material duties of his or her Regular Occupation; and*
    2. *unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.*

    *After Disability Benefits have been payable for 12 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*
    3. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and*
    4. *unable to earn 60% or more of his or her Indexed Earnings."*

11. Mr. Long was hired by Air Methods as a fulltime employee on September 8, 2008 as a helicopter pilot based in Ashland, Kentucky, but at the onset of his disability he was working at Air Method's Bedford, Kentucky base.

12. Mr. Long's duties required him to perform pre-departure aircraft safety inspections per a checklist, pilot helicopter to transport passengers and cargo, restrained seating for extended periods of time, endure significant vibration and g-force while wearing heavy equipment, including a helmet and night-vision goggles.

13. Mr. Long developed back pain while serving in the U.S. Army. Mr. Long retired and was honorably discharged from the U.S. Army in 2008 and began working for Air Methods Corporation (hereinafter "Air Methods") as an emergency air ambulance helicopter pilot. Mr. Long worked for Air Methods until 03/22/17.

14. Mr. Long worked as a helicopter pilot until he injured his lower back and began having episodes of dizziness and loss of concentration in early 2017. He was unable to continue flying after 03/22/17.

15. A chiropractic adjustment caused increased neck pain and Mr. Long's primary care physician ordered a cervical MRI, which was done on 04/26/17. It revealed multiple level cervical degenerative changes, "most significant…at the C5-6 level where there is there is mild cord flattening and canal stenosis."

16. Mr. Long saw Dr. George H. Raque (neurosurgery), whom he had been seeing since at least 2008 for cervical spondylosis. In his 05/15/17 office note, Dr. Raque endorsed continuing with conservative therapeutic treatment. He also noted that the weight of the flight helmet/night-vision goggles, and the aircraft vibration would likely worsen his neck problems and could lead to surgery.

17. Dr. Raque assessed the following restrictions on 07/06/17: "He should not return to flying at any point in the future due to his condition/physical limitations and risk of further injury. This is due to vibration and limitation of no turning, no twisting, reaching overhead, not wearing a helmet."

18. Dr. Raque's 12/19/17 office note documents Mr. Long's complaints of neck and lumbar pain with spasm. A 12/20/17 phone note documents his complaints of radicular pain from the neck into the head and shoulders.

19. Dr. Raque's office noted dated 03/05/18 documents ongoing neck and low back pain with muscle spasms and tingling in both hands. Mr. Long reported being unable to lift objects overhead without severe pain. Dr. Raque noted that "it appears his level of pain is such that his concentration is somewhat off."

20. Dr. Raque updated his restrictions at an office visit on 08/12/19 to no lifting over 15 pounds, no sitting longer than 2 hours without a break, no pushing/pulling over 30 pounds, cannot operate heavy equipment, cannot drive longer than 45 minutes, should not perform

4

activities that require prolonged flexion or extension of his neck (such as overhead work), should not engage in activities that require twisting or bending at the waste or anything that requires repetitive flexion or extension of the neck.

21. Mr. Long attended physical therapy at KORT after exacerbating his neck and back pain on 04/13/18. In his 06/26/18 Discharge Summary, the objective exam documented trigger points throughout the cervical, thoracic, and lumbar spine. Upon discharge, Mr. Long had decreased range of motion throughout his cervical and lumbar spines (one exception being lumbar side bending left).

22. Dr. Frank A. Burke, orthopedic surgeon, examined Mr. Long on 09/27/18. He reviewed Mr. Long's medical history and performed an extensive objective exam. Dr. Burke observed "markedly limited flexions and extension of the neck" (¼ normal lateral rotation bilaterally and ¼ normal lateral bend bilaterally). He diagnosed cervical spinal stenosis, chronic cervical spasm, and decreased cervical range of motion. Dr. Burke identified hyperreflexia in all of Mr. Long's extremities and tenderness to palpation throughout the thoracic spine (T10 through L1).

23. Dr. Burke stated "I do not believe that he can return to his work as a commercial pilot. I do not think he can transition to other full-time employment, which requires any type of recurrent cervical motion of his head or lifting. In other words, I do not think he is going to be able to return to work within the physical capacities beyond ADLs." Dr. Burke's work restrictions included no sitting for more than 4 hours in an 8-hour day with frequent breaks, and no standing/walking for more than 2 hours in an 8-hour day, also with frequent breaks. No lifting/carrying over 10 pounds (no more than 5 pounds on an occasional basis).

24. Vocational expert Betty L. Hale assessed the vocational potential of Mr. Long in a report dated 11/04/18. She reviewed the medical report of Dr. Burke, medical records from Dr. Raque, and the medical records from KORT physical therapy. Based upon the extensive medical documentation of chronic pain, radiculopathy, and neuropathy, Ms. Hale stated that the work restrictions and physical limitations identified by Dr. Raque and Dr. Burke would preclude Mr. Long from engaging in **any** occupation at **any** exertional level on a full-time basis.

25. Mr. Long also developed peripheral neuropathy in his lower extremities, numbness and tingling in both hands, and was referred to Norton neurology. A 03/08/19 physical exam revealed abnormal skin "(erythema and increased skin temperature at the digits of both feet, right >left)." The provider wrote that these symptoms are "most consistent with a small fiber neuropathy." A 02/15/19 EMG test was reviewed. While it was essentially normal, the interpreter could not rule out small fiber neuropathy.

26. A biopsy was done on 04/02/19 to further diagnosed the peripheral small fiber neuropathy. The referring physician told Mr. Long that a leg skin sample would not likely confirm the existence of small fiber neuropathy in the feet. Nevertheless, the sample did show "low normal Epidermal Nerve Fiber Density" and the interpreter noted that "values that are in the low normal range, between 10th percentile and 5th percentile, may be suspicious for early mild neuropathy."

27. Absent effective treatment, Mr. Long tries to manage his peripheral neuropathy condition with activity and diet restrictions. He is precluded from taking NSADs, Flexeril, antibiotics, or oral steroids due to allergic reaction to said medications.

6

28. Impressions from current MRIs performed on 07/27/19 document the following: Cervical MRI: moderately advanced multilevel degenerative disc disease, spinal stenosis most severe at C5-6 due to broad-based posterior disc protrusion and osteophyte with effacement of the anterior cord and mild cord flattening. Thoracic MRI: mild degenerative changes without canal stenosis. Lumbar MRI: edema within the right-sided L5 pedicle concerning for nondisplaced pars fracture/stress reaction, facet arthritis most severe on the right side at L5-S1 and moderate bilaterally at L4-5.

29. Because of the cervical disc disease and associated symptoms (pain, loss of concentration), Mr. Long is unable to pass a flight physical to continue his career as a pilot.

30. Mr. Long has been unable to transition to other employment above the plan-specified earnings level. As documented in the 08/21/19 medical report of Jerry Magon, MD, Mr. Long suffers from neck and back pain with decreased range of motion, numbness in his lower extremities, reported decreased sensation in his lower extremities, pain with Spurling's test, pain with straight leg raising, decreased left knee flexion due to a medial meniscus tear, and extensive cervical spondylosis most prominent at C5-6 and C6-7, and reported headaches.

31. Mr. Long was assessed a 50% disability rating for his neck, back, and elbows by the Department of Veterans Affairs.

32. The negative impact of Mr. Long's failing health on his activities of daily living and overall quality of life has been significant. He cannot bend over to work in his garden; he must get on his hands and knees. He cannot use a shovel to dig soil or lift mulch (his wife lays the mulch on their property). He cannot lift over 15 pounds. He cannot sit upright

in a chair, whether at a restaurant, a computer desk, or a car, for longer than 30-40 minutes without having to reposition or recline. The upright static positioning of his head, neck, and back are more difficult and more painful than repetitive motion. He further cannot stay in a reclined position for longer than 30-40 minutes. Operating a push lawn mower, a riding lawn mower, or a roto tiller causes significant pain (his wife mows their grass 95% of the time). Mr. Long used to regularly work out at the gym, but he can no longer do that. He used to enjoy hiking, but he can no longer do that. He is even unable to walk his German Shepard because the pulling of the leash can trigger significant neck pain.

33. Mr. Long received both Short Term Disability and Long Term Disability benefits from LICNA until those benefits were terminated effective 06/21/18. The determination to terminate LTD benefits was appealed on 12/14/18. That appeal was denied on 10/18/19 and this lawsuit is the result of that denial of benefits.

34. As a result of LICNA's wrongful denial of LTD benefits, Mr. Long has not received an LTD payment since 06/21/18 despite the overwhelming medical evidence that he is unable to engage in gainful full-time employment at an occupation paying 60% or more of his Indexed BME ($75,323.76 per year)

## BREACH OF CONTRACT

35. Mr. Long was the beneficiary of a group LTD insurance policy issued by LICNA.

36. Mr. Long has, in good faith, fulfilled all duties, terms and conditions required of him to receive those benefits.

37. LICNA has breached its duties under the policy by wrongfully terminating the LTD benefits it was paying to Mr. Long and failing to reinstate them on appeal.

38. As a direct and proximate cause of said breach of contract, Mr. Long has suffered the loss of LTD benefits. Specifically, Mr. Long is entitled to past-due benefits to June 21, 2018, plus interest, and future LTD benefits for so long as he meets the definition of disability under the plan.

**WHEREFORE**, the Plaintiff demands the following relief:

1. Declaratory relief that he is entitled to LTD benefits, past, present and future, including legal interest on the past-due amount;

2. For reimbursement of all his costs associated with filing this complaint, including any and all attorney fees;

3. For any and all other relief to which the Plaintiff may appear entitled under equity or law.

Respectfully Submitted,

/s/ Daniel E. Moriarty
DANIEL E. MORIARTY
**DANIEL E. MORIARTY, PLLC**
301 E. Main Street, Suite 720
Lexington, Kentucky 40507
Phone: (859) 233-0705
Fax: (859) 233-0537
danmoriarty@moriartylawoffice.com

## VERIFICATION

The allegations contained in the foregoing are true and correct to the best of my knowledge and belief.

*GREGORY LONG* (signature)

STATE OF KENTUCKY)
COUNT OF Oldham   )

Subscribed, sworn to and acknowledged before by Gregory Long on this 2nd day of ~~December 2019~~.
January 2020

Notary Public *Curt Nicholson* (signature)

My commission   05/24/2021

expires:
5

```
CURT NICHOLSON
Notary Public - State at Large
Kentucky
My Commission Expires May 24, 2021
Notary ID 579964
```





RESTRICTED DELIVERY

JAMES, MICHAEL
TWO LIBERTY PLACE
PHILADELPHIA PA 19192

RESTRICTED DELIVERY

STACY M. BRUNER
TRIMBLE COUNTY CIRCUIT COURT CLERK
TRIMBLE CIRCUIT & DISTRICT COURTS
TRIMBLE COUNTY COURTHOUSE
30 HIGHWAY 42 EAST, P.O. BOX 248
BEDFORD, KENTUCKY 40006-0248



CI 20-CI-00009
612186